Facility at Al and Mr. Becker. Good morning your honors, may it please the court, my name is Ryan Becker with Fox Rothschild on behalf of Appellant Jason Parker and I respectfully request two minutes for rebuttal if I may your honors. Go ahead. Fox was appointed as pro bono counsel in order to address the issue that the Supreme Court left open when it decided Coleman vs. Tollefson, namely whether section 1915G, the three strike statute, affords a prisoner infirm or pauper status with respect to an appeal from that third strike. And the court explicitly left that question open, did it not? Yes it did your honor, in Coleman the issue was the timing of the effect of a third strike and while the issue came up that the petitioner raised this notion of what happens if it's a third strike, because in the Coleman case the three strikes had all been acquired prior to him commencing the action that was at issue in appeal, the Supreme Court said we'll leave that for another day. Well at the risk of oversimplifying, I'll use some terminology here which at least I find helpful for purposes of an understanding, the statute itself, 1915G, uses language of civil action or appeal. Everybody has to agree on what the plain language of the text is. Yes your honor. And Coleman then went on to use that language and if I, I think I understand its reasoning and this is where I'm trying to simplify a little bit, what the Coleman court did and I will also underscore the fact did unanimously, was to characterize essentially litigation as either units of litigation if you will, a civil action or an action or an appeal, as opposed to a continuous litigation process which would include an action and an appeal from that action's disposition. Would you agree with that? I think that's right your honor, yes. If it used that reasoning to reach the result it reached in Coleman, don't you have a logically very very difficult time trying to say that that logic should not be equally applicable to this matter? I think your honor the difference is while the court uses the terms action and appeals in 19, excuse me, when Congress uses the term actions and appeals in 1915G, they also use the term prior occasions and the prior occasions, the word prior is I think the key point in the statute and the Ninth Circuit in Ritchie versus Dane addressed this specific issue post Coleman and they talked about how the rationale of Coleman actually applies to compel the conclusion that a third strike for a prisoner should be appealable in form of papyrus. So is your argument that what prior occasion really means is prior filed lawsuit? I think that's one way to count it. I think that a prior action or an appeal can certainly be two different occasions under 1915G. The issue is the literal language, the disjunctive is used, action or appeal, two conceptually different litigation units if you will. I agree your honor, I'm understood. I think my argument is from the Third Circuit's perspective or any appellate court's perspective of reviewing the third strike, the issue is are those occasions actually prior occasions when it comes to the effect of triggering the three strikes bar. You would agree though would you not that Coleman teaches that a district court decision and an appeal are both occasions? Yes your honor, I would. The entire weight of your argument must rest on the word prior. Correct your honor and that I think is what the Ninth Circuit focused on and the Ninth Circuit wasn't alone in deciding post Coleman that a prisoner should be allowed to, and appeal of the third strike. The Tenth Circuit also followed suit in a decision named Dawson versus Coffman and what the Ninth Circuit effectively endorsed the amicus argument advanced by the government. It absolutely did. It adopted the Solicitor General's argument on that point. I'm missing the point that you're making. Are you saying that prior occasions can include the trial disposition as well as the appeal? Yes your honor. I think that those are both occasions. A trial court decision. They're occasions but are you saying it's the same occasion or distinct occasions? No I'm saying they can be distinct occasions your honor. Distinct occasions but... Then I'm not following you because if they're distinct occasions in this case, the third strike occurred in the trial court. Is that correct? The third strike occurred in the trial court, that's correct your honor. Now that you have that occasion, then you have a separate occasion which is the appeal. I understand what you're saying. I think the point is, and the Ninth Circuit relied on how Coleman treated trial court judgments. Let's put the Ninth Circuit aside for a moment and just discuss what happened here. He got the third strike in the trial when this action was dismissed on an enumerated ground. Yes your honor. Now should that be the end of the case? Under 1915, does he have a right to appeal when he already has three strikes? Yes he does your honor because while it may be an occasion, it's not a prior occasion for purposes of triggering 1915's bar. Your focus is on the word prior. Yes it is your honor. So why can't prior mean nothing more than earlier in time? If you look at how Coleman analyzed 1915G, they talked about the preclusive effect of trial opinions. And if you look at the normal way trial opinions are treated, they have preclusive effect for subsequently filed actions, but they have no bearing on the panel who is going to review this on appeal. And generally speaking, a litigant has a right to appeal an adverse final trial court decision. And that should be no different here. Congress was trying to cure the ill. The difference is 1915. Yes your honor. There's a difference. Isn't it? In other words, he has three strikes and I'm thinking why isn't that the end all and be all? Because the third strike, 1915G your honor, because of the word prior occasion, think about what the word prior means. In the context of 1915G, prior means subsequent to the action that's happening here. Subsequent to the case at bar. So the third strike triggers 1915G. But what the effect of 1915G is, is a prospective prohibition on being able to file new actions or being able to file appeals in other actions that are not the one that are currently before the court. The Supreme Court said in Coleman that the IFP statute, section 1915, treats the trial and appellate stages of litigation as distinct. Yes your honor. Two separate distinct events. Two separate and distinct occasions. Doesn't that point the way to how we're supposed to decide this case? No, I don't think it is your honor. Again, I think it misses the point that the word prior is in the statute. If the statute was being interpreted the way Montgomery County puts forth, and the way your honors are asking the questions, if you remove the word prior, the statute still means exactly the same thing. Do you know if, I hate to ask the question, but do you know if there's any legislative history that can help us understand what legislature meant by the word prior? I'm not aware of any, your honor. I don't know. So we're going to be determining what the term prior means in this case. Yes, your honor. What prior occasion means. Yes, your honor. I believe that's correct. Just like the 9th Circuit did and the 10th Circuit did, and they understood the common meaning of the word prior to refer to lawsuits that were commenced prior to the action that was under appeal. There's another provision of 1915 that requires the petitioner or the prisoner to ask the court of appeals separately to proceed on IFP status and can't just rely on the district court granting IFP status, correct? Yes, your honor. That's correct. So how can you make sense of that separate requirement if your interpretation of 1915G is correct? I think the issue is, again, going back to what are prior occasions for purposes of appellate review of the third strike? And this prior has to mean something. All occasions are necessarily going to be prior to the time strikes are counted. Why doesn't it mean that strikes that are accrued between the notice of appeal and when the court of appeals makes its determination of IFP status under this separate provision of 1915, those are occasions, but they're not prior occasions. Why isn't that the work that prior is doing in the statute? I addressed that in my reply brief, your honor. But the idea is that strikes are counted at the time the IFP application is filed. And that's what the Supreme Court said in Coleman, and there's other cases I believe I pointed in the reply brief that make that point. So what happens afterwards is immaterial for the decision as to whether or not the appellate court can review on IFP the third strike. Is the prisoner required to file their IFP request at the same time they file the notice of appeal? I believe, well, no, not necessarily. I think it can occur later. So at a minimum, isn't prior doing the work of eliminating for purposes of strike when the appellate court is reviewing the IFP petition any strikes that were accrued between the filing of the notice of appeal and the filing of the IFP petition? If the strikes are counted at the time the appeal is filed, I don't think there's any difference as to what happens later on. I mean, the strikes are always going to be before the counting happens. So that's always going to be an occasion. There will always be something that happens prior to the – But if the statute simply said occasions, and let's say in the week between when the petitioner files the notice of appeal and when they file their IFP petition, they get 100 strikes because they're a busy litigant. Those 100 strikes are occasions, but they're not necessarily prior occasions. Again, I go back to the point that the occasions are counted at the time the appeal is filed. I thought you told me they were counted at the time the IFP – I'm sorry. If I did, I misspoke. I meant the time that the appeal was filed. I apologize if I've spoken at that point, Your Honor. Mr. Becker, if anyone would use the time that remains to address the merits, and let me ask you, as a housecleaning matter, a preliminary matter, the O'Connor appeal, I don't believe you briefed that. Has it been abandoned for appellate purposes? Yes, Your Honor. All right. The only part I raised as far as the merits of the underlying appeal was the Montgomery County – That's correct, Your Honor. Why did you argue the merits? On that point, Your Honor, the Montgomery County action led, I think, a troubling series of events where Mr. Parker was denied the ability to access his prison account statement. What adverse impact did that have on him? Didn't he, in every case, eventually get the information? Well, not every case, Your Honor, and that's according to the record, as far as I can tell. The district court said the vast majority of the cases, and I think that leaves open the possibility that perhaps Mr. Parker could, if given leave to appeal, point to an action if he chose to do so where he did lose a litigating opportunity and was not permitted to otherwise move forward, and that's really the thrust of that argument, Your Honor. I believe Mr. Parker, you know, he was incarcerated at the time he filed his IFP. He was incarcerated at the time he took the strikes. He's been subsequently released. But I believe that prisoners – I'm sorry, Your Honor. No, no, no. I was just going to ask you that question. What is his current status? Yeah, he was released in between the pendency of the appeal. He was released from prison, so he's no longer there. But prisoners, because of the plain meaning of the statute, prisoners should have the ability to appeal their third strike in form of property, Your Honor. Thank you very much, Mr. Becker. We'll have you back on rebuttal. Mr. Newcomer. Good morning, Your Honors. Philip Newcomer, arguing for the appellees, Montgomery County, Pennsylvania, and the Montgomery County Correctional Facility. And with me at council table is Brian Phillips, who is a solicitor for the Montgomery County Board of Prison Inspectors. Your Honors, the logic of the Supreme Court's rationale and its unanimous decision in Coleman v. Tolleson does lead to the inevitable conclusion that a district court's third qualifying dismissal of an action for grounds enumerated in Section 1915G of the IFP statute is immediately effective as a strike. And it's immediately effective as a strike whether the third strike is applied to preclude a new action, as was the case in Coleman, or whether it is applied to preclude an IFP appeal of that third strike decision in the district court, as should be the case here. We do have precedent, don't we, that allowed an appeal following a third strike in the new district court? Ball? Yes. Isn't that case binding on our court? Well, interestingly, the Ball case precedes Coleman, first of all. All right, so is your position that Coleman abrogates Ball? For this purpose, Coleman would abrogate Ball, yes, because the Ball case actually announced a rule in the Third Circuit that no district court dismissal was effective as a strike unless or until it had been appealed, and the appeals had been exhausted, or the litigant had foregone his opportunity to appeal. That effectively would allow the appeal in this case, if we follow that language. If you follow that language, but again, I believe that Coleman, which was subsequent, was really a sea change in how one reads 1915G, and it should change that rule for the Third Circuit, as it should for the Ninth Circuit in the Silva case, which held the same thing as Ball, and there are several other circuits that took that position before Coleman as well. I didn't think Coleman hit the nail on the head, but can you quote the language in Coleman that points us in the correct direction? Well, the language is the language, actually, that Chief Judge Smith was citing in his questioning of appellant's counsel that discusses an appeal and an action as being distinct occasions for purposes of assessing a strike. The litigation units here are being broken up into an action and an appeal. They're not looking at a lawsuit over a whole span of time inclusive of appeals. They may be distinct occasions, but is a district court action a prior occasion to the appeal of that district court action? Yes, it is, and the word prior here does have meaning, again, Judge Stark, for the reasons that were underscored by your questioning of appellant's counsel. The word prior is not meaningless. Prior does indicate time here, and the strikes that count as strikes are the strikes that are prior to that action or that appeal. And again, the IFP decision oftentimes lags considerably from the filing of the action or the appeal and the seeking of IFP status. It still remains the same case, isn't it? It's the same case. It is the same case. It's the same lawsuit, but this is where the language of Section 19- Are all parties involved? I'm sorry. Are all parties involved? Same parties involved, but here's where the language of Section 1915G is so important. The language does not talk in terms of lawsuits, in terms of cases. It talks in terms of two litigation units, the action and the appeal, and it discusses them as separate ones, which is what expressly the Coleman Court found. I know you've argued in your brief that we're not talking here, and 1915G does not bar a prisoner litigant from taking an appeal. It merely precludes him from qualifying for IFP status. But in the real world, as a practical matter, isn't it the functional equivalent? It is not always the functional equivalent, and this was actually addressed in this court's Abdul-Akbar decision. That functional equivalent argument was made there and ultimately found to prove too much. And the Abdul-Akbar decision says that merely requiring a prisoner to pay a filing fee in a civil case does not, standing alone, violate that prisoner's right of meaningful access to courts. And Congress took this in mind when it fashioned 1915G, and it provided an exception for situations where an inmate was facing an immediate threat, an immediate danger of serious physical harm. And that's an exception that you'll find in Section 1915G that further protects the right of access to courts for the litigant. But isn't there something very troubling about your interpretation of the statute? A district court could apply a strike by making a clearly erroneous decision, and if, as a practical matter, the prisoner is unable to come up with the funds to proceed with the appeal because he can't get IFP status, then that clearly erroneous decision will likely never get reviewed. Certainly there is a concern about that very matter that an erroneous decision would not get reviewed unless It is, in fact, the inevitable result of the plain text. Right, and the inevitable result of the choice of Congress in crafting that text. What the text indicates and underscores is a legislative judgment about the priorities underlying the three-strike rule. Concern for precluding further IFP matters after three strikes was found by Congress basically to outweigh concerns that the third strike may have been entered in error and shouldn't be applied until reviewed on appeal. There would be, to some extent, a freezing of an erroneous decision, even under Coleman itself, because that decision, even if erroneous and not reviewed on appeal, could be used, according to Coleman, to preclude additional suits. So there is a legislative judgment made here that is embodied in the plain language of the statute. And in the view of Congress, that was a price that they were willing to have litigants pay. Yes, Your Honor. To comment on Ritchie v. Dane, that Ninth Circuit case was decided after Coleman. It was decided after Coleman. And that court said that a trial court's dismissal does not count as a strike on the appeal of that strike because it is not a prior occasion. It cuts directly against your argument. It does, but it was a decision that was expressly, I believe, based upon the argument made by the Solicitor General in the Coleman case as amicus. It carried some weight, didn't it? Well, it carried some weight, but it wasn't informed by the decision in Coleman, which was subsequent to that argument being made. And that's where I think the Ninth Circuit has gotten off course there. The holding in Ritchie is inconsistent with the Coleman court's reading of the phrase prior occasions, that prior occasions can be separate and distinct, be they an action or be they appeal. And Ritchie leads to the incongruous result that a district court's third qualifying dismissal of an action when appealed is immediately effective to preclude new actions that are sought to be filed on an IFP basis. But it is not immediately effective to preclude an IFP appeal from the third strike determination. And how can you get that resolved from the same language in the statute? Ritchie just misses the plain meaning of the statute, in my view. But for you to prevail, you need to say that Ritchie is wrong and that the Solicitor General is wrong, right? Well, no. The Solicitor General's opinion was uninformed by the decision in Coleman. What this court needs to do is say it's going to follow Coleman. Okay, but Ritchie was not uninformed by Coleman. We'd have to say that to Coleman. Right, but it's not persuasive. We created circuits. But the rationale is not persuasive. Let's move to the merits of the MCC action. Yes. On the merits of the action, the district court did not err by dismissing Mr. Parker's complaint without leave to amend. As the questioning of appellant's counsel suggested, the decision to dismiss the complaint with prejudice was proper because there was no harm here. There was no actual injury, and there couldn't be under the circumstances of this case. Mr. Parker received his prisoner account statement. There was a delay in receiving it, but he did, in fact, receive it. And in every case, every case where Mr. Parker submitted that prisoner account statement after receiving it, the district court permitted him to move forward on an IFP basis. So if I understand Mr. Parker's position, he's asking, nonetheless, let me amend, allow me to amend my complaint because maybe there's a non-frivolous basis out there, a non-frivolous claim out there that I can break. Is that how you read it? I suppose, but there's no scenario that can be imagined under these facts where there would be such a claim because he received the statement, he had it in late August, he submitted it to the court in multiple cases, and in every case in which he submitted it, the court allowed him to go forward. Is that like saying an amendment would be futile? Amendment would be futile under those circumstances, yes. And that's specifically what the district court found. And for that reason, dismissal with prejudice was proper. It would be improper to remand in this circumstance to permit an amendment under these facts. But that doesn't mean he can't proceed there, right? It just means he has to pay a fine. Absolutely, absolutely. And that's the case for all of this. For this appeal, for actions in the district court, Mr. Parker is not precluded from filing suits. He is not precluded from pursuing this appeal. He just can't do it on an IFP basis. Can I go back to the statutory question for a moment? Could you give us an example, if this turns on the word prior, because appellants I think at this point now are really putting their whole position on what the word prior is doing in the statute. Can you give us an example of where prior is doing work, that is an example of something that would be an occasion and therefore count as a strike, but is not a prior occasion and therefore does not count as a strike because prior is in the statute? Sure. Let's look at Mr. Ritchie's, I mean Mr. Ritchie, I apologize, Mr. Parker's situation in particular. Mr. Parker has the third strike in the district court with the dismissal of the action. He files an appeal. He seeks to inform a proper status. This is in 2015. Here we are today in 2017 arguing about whether he should be granted IFP status. There's been a considerable amount of time that has occurred, that has elapsed between that event and this one. If another of the 15 actions that Mr. Parker had filed were dismissed on enumerated ground in that two-year time frame, that would be an occasion. That would be an occasion. It's an action that's dismissed. But it would not be a prior occasion because it's coming in. It's occurring after the filing of the appeal and seeking IFP status for the appeal. So it would be an occasion, but not a prior occasion. The word prior is doing the work there of taking that one out of there. Your friend, at least, on the other side says it's the filing of the notice of appeal that freezes in time what counts as a strike. Do you disagree with that? I don't disagree with that, but I think we have to look at what is it about the statute that freezes it there? What is it about the statute that freezes it there? And it's the term prior occasion. We cannot bring an action or bring an appeal if on three prior occasions an action has been, or an appeal, has been dismissed as frivolous, as failing to state a claim, or as being malicious. Thank you, Your Honor. Thank you very much, Mr. Newcomer. Mr. Becker, we will have you back for rebuttal. Judge Stark, page five of my reply brief is where I discuss that argument explicitly and explain why the language of the statute, as well as Coleman, says that the time for counting of strikes is when the complaint is filed, when the action is brought. Two brief other points, Your Honor. Mr. Newcomer mentioned the Abdul-Akbar case, and I'd just like to draw the Court's attention to page 309 of that opinion, where this Court was construing that first phrase of 1915G that we're talking about but includes prior occasion. And this Court said, putting the phrases together, the first clause of 1915G obviously means a prisoner may not file a new civil complaint. So I think that, again, talks about the effect of 1915G has prospective effect, but the actual case at issue is unaffected for purposes of review on appeal. But, again, that was prior to Coleman, right? It was prior to Coleman, Your Honor. Yes, it was. But the statutory language was still the same. The other point I would just like to make is Judge Stark's concern and question about the problem with a grossly erroneous district court decision lacking appellate review. This isn't a hypothetical problem. I mean, that's what happened in the Ritchie case. The Ninth Circuit said the third strike was erroneously applied. The first case that Parker files, he gets a strike, a strike one. He appeals that in that first case. That's strike two. If the appeal is dismissed as it was. Because he gets for the district court dismissal and for the appeal, if unenumerated grounds. That's two strikes. Now he has the second case. That's also dismissed on the ground. That's strike three. Why doesn't that first case, that same system, apply in the second case? It does, Your Honor. But, again, it goes back to the word prior. That same language was applied in that first case. First strike, appeal at strike two. Second case, first strike, that should be it. That should be the third strike. Why isn't that correct? There's a difference in occasion when it comes for strike counting purposes. And the effect of the third strike under 1915G, which is what actually triggers the statute's bar. It depends on prior to what, doesn't it? Yes, Your Honor. Okay. Thank you very much, Your Honor. I appreciate it. Thank you very much. Thank you, counsel. This is a very interesting case. I would all agree that Coleman has changed the game, at least to some extent, given what courts, including our own, have held. We will take the case under advisement.